STATE OF NORTH CAROLINA ex rel NORTH CAROLINA UTILITIES COMMISSION, AMERICAN TOBACCO COMPANY, WM. MUIRHEAD CONSTRUCTION COMPANY, Inc., CITY OF WILMINGTON, NORTH CAROLINA DEPARTMENT OF AGRICULTURE, F. S. ROYSTER GUANO COMPANY, SMITH-DOUGLASS COMPANY, Inc., ROBERTSON CHEMICAL CORPORATION, VIRGINIA-CAROLINA CHEMICAL CORPORATION, WILMINGTON FERTILIZER COMPANY, HEIDE WAREHOUSE COMPANY, CAROLINA NITROGEN COMPANY v. THE SOUTHERN RAILWAY COMPANY, ATLANTIC & EAST CAROLINA RAILWAY COMPANY, CAROLINA & NORTHWESTERN RAILWAY COMPANY, PIEDMONT & NORTHERN RAILWAY COMPANY, CAMP LEJEUNE RAILROAD COMPANY, STATE UNIVERSITY RAILROAD COMPANY, LOUISVILLE & NASHVILLE RAILROAD COMPANY, NORFOLK & WESTERN RAILWAY COMPANY, NORFOLK SOUTHERN RAILWAY COMPANY, SEABOARD AIR LINE RAILROAD COMPANY, ATLANTIC COAST LINE RAILROAD COMPANY, ALEXANDER RAILROAD COMPANY AND THE CLINCHFIELD RAILROAD COMPANY.

(Filed 28 September, 1966.)

**1. Appeal and Error § 53—**

The Supreme Court may grant a petition to rehear in order to clarify a former decision by deleting therefrom words unnecessary to the decision.

**2. Utilities Commission § 6—**

In reviewing application for increase in charges for switching services at numerous interchange points in this State, it is not required that the switching charges be determined separately for each switching point on the basis of the relationship between the revenue and costs at such switching points, but petitioning carriers have the burden of proving justification for the requested increase in rates and that the proposed rates are just and reasonable.

LAKE, J., did not participate in the consideration or decision of this case.

ON re-hearing.

*Joyner & Howison by W. T. Joyner, Jr.; Maupin, Taylor & Ellis by Frank W. Bullock, Jr.; Simms & Simms by R. N. Simms, Jr., for defendant appellants.*

*Of Counsel: Mr. Henry J. Karison — Southern Railway System; Mr. Charles B. Evans — Atlantic Coast Line Railroad Co.; Mr. James L. Howe III, Seaboard Air Line Railroad Co.*

*Thomas Wade Bruton, Attorney General; George A. Goodwyn, Assistant Attorney General for North Carolina Department of Agriculture, Appellees.*

*Edward B. Hipp, Attorney for North Carolina Utilities Commission; Cicero P. Yow, Attorney for City of Wilmington by Edward B. Hipp, plaintiff appellees.*

*Boyce, Lake & Burns by F. Kent Burns, Attorneys for F. S. Royster Guano Company, Smith-Douglass Company, Inc., W. R. Grace & Co., V-C Chemical Company, Carolina Nitrogen Company, and Heide Warehouse Company, appellees.*

*Bryant, Lipton, Bryant & Battle by Victor S. Bryant, Attorneys for Protestant, The American Tobacco Company.*

*Albert W. Kennon, Attorney for Protestant Appellee, Wm. Muirhead Construction Company, Inc.*

PLESS, J.   The opinion in this case was filed 25 May, 1966, and is reported in 267 N.C. 317, 148 S.E. 2d 210. In apt time defendant Railroads filed a petition to rehear. The petition was allowed solely for the purpose of clarification as set forth below.

Reference is made to these sentences in the opinion:   (1) The sentence reading: "The evidence of the railroads shows that an identical increase at every switching point has to be arbitrary and discriminatory." 267 N.C. at 326; 148 S.E. 2d at 217.   (2) The sentence reading: "The railroads are at liberty to make further application for increased charges *which do not have to be uniform but could very properly be based upon actual cost and charges under the prevailing conditions.*" 267 N.C. at 327; 148 S.E. 2d at 217.

Upon reconsideration, we are of the opinion the sentence first quoted and the italicized portion of the sentence last quoted are unnecessary to decision and are withdrawn from the opinion.

By way of further clarification, it is noted:   (1) In our view, the evidence was insufficient to require a finding by the Utilities Commission that the cost of performing switching would exceed revenue under the proposed increases in all points except one where revenue would exceed costs by a small amount; and   (2) in our opinion, it is not required that switching charges be determined separately for each switching point on the basis of the relationship between the revenue and costs at such switching point.

Except as herein modified, we adhere to the decision and opinion heretofore filed herein.

LAKE, J., did not participate in the consideration or decision of this case.